**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| SABRINA CARMICHAEL : <br> 7260 N. 20th Street, : <br> Philadelphia, PA 19138 : <br>  : <br> Plaintiff, : <br>  : <br> v. : <br>  : <br> CITY OF PHILADELPHIA : <br> 1234 Market Street : <br> Philadelphia, PA 19107 : <br>  : <br> Defendant. : | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** |

---

## **COMPLAINT – CIVIL ACTION**

Plaintiff, Sabrina Carmichael ("Plaintiff"), by and through her undersigned attorney, for her Complaint against City of Philadelphia ("Defendant"), alleges as follows:

1. Plaintiff brings this action to redress violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* for failing to accommodate Plaintiff in connection to her disabilities, discharging Plaintiff on account of her disability and/or because Defendant regarded her as being disabled within the meaning of the ADA, and in retaliation for requesting a reasonable accommodation in connection thereto. Plaintiff further brings this action to redress violations by the Defendant of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

## **PARTIES**

2. Plaintiff Sabrina Carmichael is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 7260 N. 20th Street, Philadelphia, PA 19138.

3. Upon information and belief, Defendant City of Philadelphia is duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at 1234 Market Street, Philadelphia, PA 19107.

## JURISDICTION AND VENUE

4. On or about June 25, 2020, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2020-4404. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

5. By correspondence dated October 29, 2020, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

6. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

7. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

8. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as her federal claims.

## FACTUAL BACKGROUND

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. In or about February 2013, Defendant hired Plaintiff in the position of Corrections Officer.

13. At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no justifiable discipline.

14. By way of background, in or around 2015, Plaintiff was diagnosed with Post Traumatic Stress Disorder (PTSD)/panic attacks, which are disabilities within the meaning of the ADA in that they limit major life activities.

15. In or around 2017, Plaintiff filled out paperwork requesting a break every two (2) hours for fifteen (15) minutes.

16. Additionally, Plaintiff requested to be seated by the air conditioner (AC).

17. Finally, Plaintiff asked for time off as needed when she suffered from a panic attack.

18. It should be noted that she was never advised whether this request for a reasonable accommodation was granted.

19. It should also be noted that when Plaintiff would request time off in connection to her disabilities, she was routinely disciplined.

20. In or around 2019, Plaintiff resubmitted her request for a reasonable accommodation because she was advised that her previous paperwork expired.

21. Notably, Plaintiff attempted to apply for leave pursuant to the FMLA, but Defendant advised her that she did not need to apply for FMLA and failed to notify of her rights under the FMLA.

22. In or around July 2019, Plaintiff's request for accommodations was approved.

23. However, Defendant still did not honor her approved requests.

24. On or around July 10, 2019, Plaintiff called out of work due to her disabilities.

25. On or around July 30, 2019, Plaintiff received a write up in connection to her July 10, 2019 call out because she was advised she did not have any time left.

26. Most significantly, Warden Michelle Farrell advised Plaintiff that this was not the place to have panic attacks, and advised that maybe she should apply for social security disability income (SSDI).

27. Shortly thereafter, Plaintiff complained to her Union that she felt targeted on the basis of her disabilities and requests for reasonable accommodations.

28. Accordingly, the Union investigated her claims and held a hearing on January 23, 2020.

29. However, Plaintiff was not advised of the hearing date until January 22, 2020.

30. Due to the short notice, Plaintiff did not have all of her medical documentation.

31. Furthermore, Plaintiff had a physician's appointment on January 23, 2020 in connection to her disabilities.

32. Plaintiff request to reschedule the hearing because she had a doctor's appointment in connection to her disabilities, was denied, and Defendant conducted the hearing without her.

33. On or around January 23, 2020, Plaintiff was abruptly terminated from her employment for her absence that occurred on July 10, 2019.

34. It is believed and therefore averred that Defendant failed to accommodate Plaintiff in connection to her disabilities, terminated Plaintiff because of her actual/perceived disability, because Defendant regarded Plaintiff as disabled, and in retaliation for Plaintiff's request for a reasonable accommodation as well as her complaints in connection thereto, in violation of the ADA.

35. It is further believed and therefore averred that Defendant willfully violated the provisions of the FMLA by interfering with Plaintiff's right to protected medical leave in violation of the FMLA by failing to notify Plaintiff of her rights and further deterring Plaintiff from seeking intermittent leave pursuant to the FMLA.

36. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotions, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, and humiliation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION AND RETALIATION

37. Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

39. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

40. Plaintiff's PTSD/panic attacks all constitute injuries within the meaning of the ADA in that they affect major life activities.

41. Despite her disabilities, Plaintiff would have been able to perform the essential functions of her job with or without a reasonable accommodation, including, but not limited to, a medical leave of absence and periodic breaks.

42. Plaintiff requested reasonable accommodations in connection to her disabilities, but Defendant failed to accommodate her.

43. Furthermore, Plaintiff complained that she was not being accommodated and that she felt targeted on the basis of her disabilities and for her requests for reasonable accommodations in connection to her disabilities.

44. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to accommodate Plaintiff, terminating Plaintiff's employment on the basis of her actual/perceived disability and in retaliation for Plaintiff's requests for reasonable accommodations and complaints in connection thereto.

45. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

      A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

      B.      Punitive and/or compensatory damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

      C.      Plaintiff's costs disbursements, and attorneys' fees incurred in prosecuting this action;

      D.      Pre-judgment interest in an appropriate amount; and

      E.      Such other and further relief as is just and equitable under the circumstances.

      F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601, *et seq.*
## INTERFERENCE

46.      Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47.      Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of twenty (20) or more calendar days in the current or preceding year.

48.      Plaintiff was an eligible employee under the FMLA and entitled up to twelve (12) weeks of unpaid leave for her serious health condition.

49. Defendant interfered with Plaintiff's rights under the FMLA by failing to notice her of her rights and further deterring Plaintiff from filing for intermittent protected leave pursuant to the FMLA.

50. The aforementioned actions of Defendant constitute interference under the FMLA.

51. As a result of Defendant's actions, Plaintiff has suffered significant damages.

52. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, suffered loss of employment, promotion benefits, earnings and earnings potential, other significant benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully request that this Court enter judgment in her favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Preeya Bansal*
Preeya Bansal, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: January 20, 2020

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.